# Exhibit A

# Exhibit A

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/27/2026 2:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Rodriguez, Deputy Clerk

LEGAL CORNER LAW OFFICE, A.P.C.
Hassan Halawi, Esq. (SBN 332040)
hassanhalawi@legalcorner.com
Monika Zadori, Esq. (SBN 343618)
monika@legalcorner.com
550 N. Brand Boulevard, Suite 1670
Glendale, CA 91203
Telephone: (818) 350-7100
Facsimile: (818) 322-3377
Electronic Service: litigation@legalcorner.com

Attorneys for Plaintiff
MARIA CECILIA CRUZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA CECILIA CRUZ, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>AIR CANADA, a Canada corporation;<br>ANGEL ANDRADE, an individual;<br>ABDEL ELOMARI, an individual; and<br>DOES 1 through 30, inclusive,<br><br>        Defendants. | Case No:   26STCV06548<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Race and National Origin Discrimination;<br>2. Retaliation (Gov. Code §12940(h)<br>3. Wrongful Termination in Violation of Public Policy<br>4. .Failure to Pay Wages / Overtime / Off-the-Clock Work (Lab. Code §§ 1194, 1197, 510, 201–203<br>5. Discrimination, Harassment, and Failure to Prevent Harassment (Gov. Code § 12940(a), (j), (k))<br>6. Negligence / Negligent Supervision / Retention<br>7. Slander Per Se<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, MARIA CECILIA CRUZ, alleges as follows:

**PARTIES**

1. Plaintiff MARIA CECILIA CRUZ ("Plaintiff" or "CECILIA CRUZ") is, and at all times mentioned herein was, an individual over the age of 18 and a resident of Kern County, State of California.

2. Defendant AIR CANADA ("AC") is, and at all times mentioned herein was a California corporation doing business in the County of Los Angeles, State of California. Los Angeles is the county where the causes of action alleged herein arose and where the employment relationship was formed.

3. Defendants ANGEL ANDRADE and ABDEL ELOMARI ("ANGEL" and "ABDEL") were, at all times mentioned herein, officers, managers, and/or supervisors of AC who personally participated in, directed, ratified, or were otherwise aware of the wrongful conduct alleged in this Complaint.

4. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times each individual Defendant was acting in the course and scope of his agency, employment, supervision, or management on behalf of AC.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times each Defendant, including each DOE Defendant, was the agent, servant, employee, alter ego, joint venturer, co-conspirator, and/or partner of each of the other Defendants, and in doing the acts alleged herein was acting within the course and scope of such agency, service, employment, joint venture, conspiracy, or partnership.

7. As used herein, "Defendants" refers collectively to AC, and DOES 1 through 30, inclusive, unless otherwise indicated.

8.

**JURISDICTION AND VENUE**

9. The Superior Court of the State of California has jurisdiction over this matter pursuant to the California Constitution, Article VI, Section 10, and Code of Civil Procedure § 410.10, because the causes of action arise under California statutory and common law.

10. Venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure §§ 395(a) and 395.5 because Defendant AC maintains business operations in Los Angeles County, the unlawful employment practices alleged herein occurred in Los Angeles County, and Plaintiff worked for Defendant in Los Angeles County.

11. At all relevant times, Defendants conducted business, employed Plaintiff, and committed the acts and omissions giving rise to the claims alleged herein within the County of Los Angeles.

**FACTUAL ALLEGATIONS**

12. Plaintiff MARIA CECILIA CRUZ is a Filipino woman of Asian descent with more than twenty years of professional experience in airline customer service and passenger resolution operations at major airports, including Los Angeles International Airport ("LAX").

13. Prior to her employment with Defendant, Plaintiff worked for approximately two years as a ground handler at LAX, during which time she successfully passed extensive federal and airport security background checks, obtained clearance credentials, and established a positive professional reputation within the airport community.

14. On or about May 7, Plaintiff commenced employment with Defendant Air Canada as a full-time, hourly, non-exempt Customer Experience Specialist at Defendant's operations located at 600 World Way, Los Angeles, California.

15. Plaintiff was hired at a rate of approximately $23.00 per hour and was provided an offer letter, onboarding documentation, and employee policy materials.

16. Plaintiff completed approximately three weeks of formal training, during which she demonstrated competence in passenger processing, check-in procedures, and customer service functions.

COMPLAINT FOR DAMAGES

17. During the training period, Plaintiff became aware that supervisory personnel were categorizing her race and ethnicity inaccurately, grouping her as "Hispanic" despite her clear identification as Filipino.

18. Plaintiff corrected this misclassification and expressly informed management that she is Filipino; however, the misidentification was treated dismissively and without corrective action.

19. Plaintiff reasonably perceived that this racial mischaracterization affected how she was treated within the training cohort and among supervisory staff.

20. Following her objection to the misclassification, Plaintiff experienced heightened scrutiny and differential task assignments compared to similarly situated employees.

21. Plaintiff was assigned time-sensitive operational duties immediately before scheduled meal periods, which caused slight and unavoidable deviations in meal clock-out timing.

22. Rather than addressing staffing coverage or supervisory assignment timing, management questioned why Plaintiff alone appeared to have recurring meal timing issues, implicitly attributing fault to her rather than to scheduling practices.

23. Plaintiff informed supervisors that the timing discrepancies were caused by assignments issued moments before her scheduled break; however, management did not meaningfully investigate the operational cause of the delay.

24. Plaintiff did not receive written discipline, progressive warnings, or documented performance evaluations identifying sustained deficiencies during her employment.

25. Plaintiff was not placed on a performance improvement plan, nor was she counseled that her employment was in jeopardy prior to termination.

26. At some point during her employment, Plaintiff received a single passenger complaint that Defendant later relied upon as evidence of performance deficiency.

27. The complaint allegedly concerned a perceived language barrier; however, Plaintiff's English proficiency was sufficient to perform essential job functions, and no objective performance metrics demonstrated incompetence.

28. Defendant did not provide additional training, mentorship, or corrective coaching in response to the complaint before terminating Plaintiff.

29. Plaintiff was also limited in performing certain bridge-related duties because her airport badge lacked a required seal authorizing that access, a condition within Defendant's control.

30. Despite the access limitation, Defendant later relied on alleged performance limitations without acknowledging that Plaintiff's operational authority had been restricted by management's failure to secure proper credentials.

31. Plaintiff verbally raised concerns to supervisory personnel regarding her racial misclassification and the perception that she was being treated differently following her objection.

32. Plaintiff's complaints were made in good faith and constituted opposition to what she reasonably believed to be discriminatory treatment.

33. After raising those concerns, Plaintiff experienced a noticeable shift in supervisory demeanor, including increased monitoring and exclusion from routine workflow opportunities.

34. On September 11, Plaintiff reported to work and clocked in as scheduled without prior notice that her employment was under review.

35. During her shift, Managers Angel Andrade and Abdel Elomari repeatedly instructed Plaintiff to step away from the check-in counters without explanation, creating a visibly isolating and stigmatizing circumstance in front of colleagues.

36. At the conclusion of her shift, Plaintiff was directed into a private room where she met with Manager Angel and executive Lynn Burris.

37. Plaintiff was informed that her employment would not continue because she was still within her probationary period and that the decision was allegedly based on performance concerns.

38. Plaintiff was immediately presented with her final paycheck and instructed to surrender her badge and vacate her locker without prior warning or opportunity to respond to the allegations.

- 4 -

COMPLAINT FOR DAMAGES

39. The termination occurred shortly after Plaintiff's protected complaints concerning racial misclassification and differential treatment.

40. Defendant's reliance on probationary status did not excuse its obligation to comply with anti-discrimination laws and instead functioned as a mechanism to avoid progressive discipline safeguards.

41. The absence of documented discipline, the proximity between Plaintiff's complaints and her termination, and the shifting explanations concerning language ability support a reasonable inference that Defendant's stated reasons were pretextual.

42. Following her termination, statements were communicated within the LAX airport community indicating that Plaintiff was terminated for poor performance and inability to manage passengers.

43. Such statements were materially harmful because professional reputation within airport operations significantly affects employability across airlines and contractors.

44. Plaintiff's prior standing at LAX, built over years of service including during the COVID-19 period, was substantially undermined by Defendant's representations.

45. Plaintiff has been unable to secure comparable employment within the LAX airline sector at the same rate of pay.

46. Plaintiff has been compelled to accept lower-paying employment and supplement her income through gig-based delivery services in order to mitigate economic loss.

47. As a direct result of Defendant's conduct, Plaintiff has suffered lost wages, diminished earning capacity, professional reputational damage, humiliation, and emotional distress.

48. Plaintiff reasonably believes that her race, national origin, accent, and protected complaints were substantial motivating factors in Defendant's decision to terminate her employment. At all times, Plaintiff informed Defendant of her disabilities, updated it as to her medical status, and provided proof of medically necessary work restrictions. Likewise, Plaintiff could have performed all of the essential functions of her job with the reasonable accommodations which she requested of Defendant, and which Defendants had provided for

COMPLAINT FOR DAMAGES

two years before deciding to arbitrarily stop doing so with the belief that Plaintiff's restrictions had been lifted.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

21. On February 27, 2026, prior to initiating this complaint, Plaintiff filed with the California Civil Rights Department (hereinafter "CCRD"), a complaint of Retaliation against Defendant. On February 27, 2026, the CCRD issued a Notice of Case Closure and Right to Sue letter to Plaintiff, authorizing Plaintiff to file a private lawsuit against Defendant in order to enforce their rights under FEHA. A true and correct copy of Plaintiff's Charge and Right to Sue letter is attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION

### Race and National Origin Discrimination

### (Against Defendants and DOES 1–30, inclusive)

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Plaintiff is a member of protected classes, including race (Asian), ethnicity (Filipino), and national origin.

24. Defendant is an employer within the meaning of Government Code §12926(d).

25. Plaintiff was qualified for her position and performed her essential job duties competently.

26. Plaintiff had more than twenty (20) years of relevant customer resolution experience and had successfully passed airport clearance requirements.

27. Plaintiff was subjected to adverse employment actions, including heightened scrutiny, disparate task assignments, pretextual criticism, and termination.

28. Plaintiff was misclassified racially and grouped inaccurately as "Hispanic" despite identifying as Filipino.

- 6 -

COMPLAINT FOR DAMAGES

29. Plaintiff objected to the racial misclassification. Defendant subjected Plaintiff to differential treatment during training and operations.

30. Plaintiff was criticized for meal-period timing issues caused by assignments given by supervisors.

31. Plaintiff was blamed for operational limitations caused by Defendant's failure to provide proper badge authorization.

32. Plaintiff was terminated during her probationary period under the guise of "poor performance."

33. Defendant's proffered reason is false and pretextual because:

a. Plaintiff had no written discipline;

b. Plaintiff was not placed on a performance improvement plan;

c. Plaintiff received only one alleged passenger complaint;

d. Plaintiff was not given progressive discipline;

e. The termination occurred shortly after Plaintiff complained about racial treatment;

f. Plaintiff's alleged "language barrier" reflects accent/national origin bias.

34. Plaintiff's race and/or national origin were substantial motivating factors in Defendant's decision to terminate her employment.

35. Defendant's conduct constitutes unlawful discrimination in violation of Gov. Code §12940(a). As a direct and proximate result, Plaintiff suffered economic and non-economic damages.

36. Defendant's conduct was carried out with malice, oppression, or reckless disregard for Plaintiff's protected rights, entitling Plaintiff to punitive damages under Civil Code §3294.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## SECOND CAUSE OF ACTION

**Retaliation (Gov. Code §12940(h))**

**(Against Defendants and DOES 1–30, inclusive)**

- 7 -

37. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

38. Plaintiff engaged in protected activity by opposing what she reasonably believed to be race and national origin discrimination, including racial misclassification and disparate scrutiny.

39. Plaintiff communicated these concerns verbally to supervisory personnel.

40. Plaintiff had a good faith and reasonable belief that the conduct violated FEHA.

41. Defendant subjected Plaintiff to adverse employment action, including termination.

42. The termination occurred shortly after Plaintiff engaged in protected activity.

43. The temporal proximity supports a causal connection.

44. Defendant's stated reason for termination was pretextual.

45. Plaintiff's protected complaints were a substantial motivating reason for the termination decision.

46. Defendant's actions constitute unlawful retaliation under Gov. Code §12940(h).

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### THIRD CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against Defendants and DOES 1–30, inclusive)**

47. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

48. It is the public policy of the State of California to protect employees from termination for exercising their rights under the law, including but not limited to:

a. Plaintiff complained about and objected to unpaid off-the-clock work;

b. Plaintiff reported or resisted the denial of meal and rest breaks;

c. Plaintiff requested reimbursement for personal expenses incurred for work purposes;

d. Plaintiff verbalized the issuance of unwarranted and excessive disciplinary write-

COMPLAINT FOR DAMAGES

ups; heightened scrutiny, and micromanagement of Plaintiff's work;

e.   Plaintiff questioned the installation or positioning of cameras directly above or targeted at Plaintiff's workstation, singling Plaintiff out for surveillance;

f.   Plaintiff complained about the differential treatment from similarly situated employees who had not complained of harassment;

g.   Plaintiff vocalized that Defendants' hostile and intimidating work environment intended to discourage Plaintiff from engaging in protected activity;

h.   Plaintiff complained of the denial of proper meal and rest breaks and failure to pay for off-the-clock work;

i.   Plaintiff reported or objected to unlawful labor practices, including unpaid off-the-clock work and denial of meal and rest breaks;

j.   Plaintiff requested reimbursement for work-related expenses;

k.   Plaintiff reported or sought accommodation for work-related injuries; and

49. Plaintiff engaged in these protected activities during his employment with Defendants.

50. Despite Plaintiff's compliance with applicable laws and good faith in exercising his rights, Defendants terminated Plaintiff on or about June, 2025.

51. The termination was a substantial factor in causing Plaintiff's damages and was motivated by Plaintiff's protected activities, his work-related injuries, and his need for reasonable accommodations.

52. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other consequential damages in an amount to be proven at trial.

53. Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendants were willful, malicious, and done with wrongful intent in violation of California public policy.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**Failure to Pay Wages / Overtime / Off-the-Clock Work**

**(Lab. Code §§ 1194, 1197, 510, 201–203)**

**(Against Defendants and DOES 1–30, inclusive)**

54. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

55. During his employment, Plaintiff regularly performed work off-the-clock, including tasks outside his job description, without receiving compensation. Plaintiff routinely worked additional time at the beginning and end of shifts.

56. Despite being aware of this additional work, Defendants failed to compensate Plaintiff for all hours worked, including overtime for hours exceeding eight in a day or forty in a week, in violation of California Labor Code §§ 510, 1194, and 1197.

57. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to pay all earned wages, knowing that Plaintiff was performing compensable work without proper payment.

58. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including unpaid wages, unpaid overtime, interest, penalties, and other consequential damages in an amount to be proven at trial.

59. Plaintiff is informed and believes, and based thereon alleges, that the acts of Defendants were willful and done with conscious disregard of Plaintiff's rights under California law.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**FIFTH CAUSE OF ACTION**

**Discrimination, Harassment, and Failure to Prevent Harassment**

**(Gov. Code § 12940(a), (j), (k))**

**(Against Defendants and DOES 1–30, inclusive)**

60. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth

- 10 -

COMPLAINT FOR DAMAGES

herein.

61. California Government Code § 12940 prohibits employers from discriminating or harassing employees based on protected characteristics, including sex, and requires employers to take all reasonable steps to prevent harassment.

62. Defendant had a duty to take all reasonable steps necessary to prevent discrimination and retaliation.

63. Defendant failed to conduct a prompt, thorough, and impartial investigation into Plaintiff's complaints.

64. Defendant failed to correct the racial misclassification issue.

65. Defendant failed to train supervisory employees adequately regarding discrimination and retaliation.

66. Defendant failed to implement effective safeguards against retaliatory termination during probationary periods.

67. Defendant's failure allowed discriminatory and retaliatory conduct to occur.

68. Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## SIXTH CAUSE OF ACTION

### Negligence / Negligent Supervision / Retention

### (Against Defendants and DOES 1–30, inclusive)

69. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

70. Defendants, through their officers, managers, and supervisors, owed a duty to Plaintiff to exercise reasonable care in supervising, retaining, and training employees to prevent unlawful, unsafe, and discriminatory workplace practices.

71. Defendants breached this duty by, among other things:

    a.  Failing to prevent and address off-the-clock work, unpaid wages, and meal/rest break violations;

- 11 -

COMPLAINT FOR DAMAGES

b.  Failing to prevent racial discrimination and harassment;

c.  Failing to provide reasonable accommodations and proper response to Plaintiff's work-related injuries; and

d.  Retaining supervisors and managers who engaged in or condoned unlawful or unsafe conduct.

72. As a direct and proximate result of Defendants' negligence and breach of duty, Plaintiff suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, pain and suffering, and other consequential damages in an amount to be proven at trial.

73. Plaintiff is informed and believes, and based thereon alleges, that the acts of Defendants were willful, malicious, and done with conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

**SEVENTH CAUSE OF ACTION**

**Slander Per Se**

**(Against Defendants and DOES 1–30) inclusive)**

74. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Defendant's managers communicated to third parties, including staff within the LAX airline community, that Plaintiff was terminated for poor performance and inability to handle passengers.

76. These statements were false.

77. The statements tended to injure Plaintiff in her profession and are slander per se.

78. Defendant either knew the statements were false or acted with reckless disregard for the truth.

79. As a result, Plaintiff suffered reputational harm and economic loss.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

- 12 -

COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MARIA CECILIA CRUZ respectfully requests judgment against Defendants, and DOES 1–30, inclusive, as follows:

a. For general damages, including compensation for emotional distress, humiliation, anxiety, mental anguish, and loss of enjoyment of life in an amount according to proof at trial;

b. For special damages, including past and future lost wages, salary, employment benefits, and other compensation in an amount according to proof;

c. For loss of earning capacity and front pay, including compensation for diminished future earnings resulting from reputational harm and reduced employability within the LAX airline industry;

d. For back pay, including all wages and employment benefits Plaintiff would have earned but for Defendant's unlawful conduct, plus interest;

e. For compensatory damages for reputational injury, including damages resulting from false statements concerning Plaintiff's alleged performance deficiencies

f. For punitive and exemplary damages pursuant to Civil Code §3294, in an amount sufficient to punish Defendant and deter similar conduct, based on Defendant's malice, oppression, and reckless disregard of Plaintiff's protected rights;

g. For statutory damages and penalties to the extent permitted by law;

h. For reasonable attorney's fees and costs of suit pursuant to Government Code §12965(b) and any other applicable statute;

i. For pre-judgment and post-judgment interest as permitted by law;

j. For equitable relief, including but not limited to:

k. Expungement of any false or misleading performance-related notations from Plaintiff's personnel file;

l. An order prohibiting Defendant from disseminating defamatory or inaccurate information regarding Plaintiff's separation;

m. Such other injunctive relief as the Court deems just and proper;

COMPLAINT FOR DAMAGES

n.    For costs of litigation, including expert witness fees to the extent authorized by law;

o.    For such other and further relief as the Court deems just and proper.


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action so triable.


Dated:  February 27, 2026                              **LEGAL CORNER LAW OFFICE, A.P.C**.



By: _____
          Hassan Halawi, Esq.
          Monika Zadori, Esq.
          Attorneys for Plaintiff,
          MARIA CECILIA CRUZ

- 14 -

COMPLAINT FOR DAMAGES

# EXHIBIT A

COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

                                                                                                        KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 27, 2026

monika zadori
550 N Brand Blvd.,
Glendale, CA 91203

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202602-33803127
        Right to Sue: Cruz / Air Canada et al.

Dear monika zadori:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 27, 2026

RE:     **Notice of Filing of Discrimination Complaint**
        CRD Matter Number: 202602-33803127
        Right to Sue: Cruz / Air Canada et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 27, 2026

Maria Cruz
PO BOX 380902
BLOOMINGTON,  55438

RE:    **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202602-33803127
        Right to Sue: Cruz / Air Canada et al.

Dear Maria Cruz:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 27, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Maria Cruz                                                                  CRD No. 202602-33803127

Complainant,

vs.

Air Canada
600 World Way
Los Angeles, CA 90045

Angel Andrade

,

Abdel Elomari

,

Respondents

1. Respondent **Air Canada** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.Complainant is naming **Angel Andrade** individual as Co-Respondent(s).
Complainant is naming **Abdel Elomari** individual as Co-Respondent(s).

3. Complainant **Maria Cruz**, resides in the City of **BLOOMINGTON,** State of **.**

4. Complainant alleges that on or about **September 11, 2025**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race (includes hairstyle and hair texture).

**Complainant was discriminated against** because of complainant's race (includes hairstyle and hair texture) and as a result of the discrimination was terminated, denied hire or promotion, asked impermissible non-job-related questions, other.

-1-
*Complaint – CRD No. 202602-33803127*

Date Filed: February 27, 2026

CRD-ENF 80 RS (Revised 2025/11)

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, denied hire or promotion.

**Additional Complaint Details:**

-2-
*Complaint – CRD No. 202602-33803127*

Date Filed: February 27, 2026

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Heather Lamb**, am the **Other** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On February 27, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, CA**

-3-
*Complaint – CRD No. 202602-33803127*

Date Filed: February 27, 2026

CRD-ENF 80 RS (Revised 2025/11)